IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL E. LAMPHEAR,
d/b/a EASTON TOWING,

                Plaintiff,

v.

ROBERT D. SPODEN, KATHY SUKUS,
DAVID J. MOORE, JAMES HOLFORD,
CITY OF JANESVILLE, and
ROCK COUNTY,

                Defendants.

OPINION & ORDER

17-cv-651-jdp

---

Plaintiff Michael Lamphear operates a towing company. Defendants are the City of Janesville and Rock County, and various officials associated with the Rock County Sheriff's Department and Janesville Police Department. Lamphear contends that defendants wrongfully removed Lamphear from lists of approved towing vendors, barred Lamphear and his service dog entry to public buildings, and blacklisted Lamphear from receiving public services. Lamphear filed this suit challenging his removal from the lists and his inability to access public buildings and services. Dkt. 1.

Defendants move to strike all six of Lamphear's expert witnesses because of Lamphear's failure to properly disclose their opinions as required by Federal Rule of Civil Procedure 26(a)(2). Dkt. 18. Alternatively, defendants ask the court to order Lamphear to supplement his disclosures and extend the deadline for defendants' expert disclosures. The court will grant defendants' alternative request for relief. Lamphear must supplement his expert disclosures by August 2, 2018, and defendants' deadline to disclose expert witnesses is extended to September 16, 2018. The court cannot extend these disclosure deadlines any further.

ANALYSIS

Expert disclosure is governed by Rule 26(a)(2), which states that experts who are retained or specially employed to provide expert testimony must file full, written reports. Experts who are not retained—and were personally involved with the facts of the case—may testify as hybrid fact-and-expert witnesses. Hybrid witnesses do not need to file a full expert report, but they must still disclose (1) the subject matter of their testimony and (2) a summary of the facts and opinions to which they will testify. Fed. R. Civ. P. 26(a)(2)(C). A broad statement that fact witnesses are also qualified as experts is not an adequate disclosure. *See e.g Karum Holdings LLC v. Lowe's Companies, Inc.*, --F.3d.--, No. 18-1007, 2018 WL 3407868, at *5 (7th Cir. July 13, 2018).

Testimony from hybrid witnesses is more limited than testimony from retained experts. Hybrid witnesses must testify only from their personal knowledge and may only offer expert opinions that they formed during their prior involvement with the facts of the case. *Indianapolis Airport Auth. v. Travelers Prop. Cas. Co. of Am.*, 849 F.3d 355, 371 (7th Cir. 2017). If an expert's testimony includes opinions that were formed in response to litigation, then the expert is considered to be retained and must file a full report. *Meyers v. National R.R. Passenger Corp.*, 619 F.3d 729, 734-35 (7th Cir. 2010).

Lamphear contends that all of his expert witnesses are hybrid witnesses. But this is incorrect. At least two of the witnesses—Anthony Smith and Sean Topel—appear to have no personal knowledge of the case at all. They must file full expert reports that comply with Rule 26(a)(2)(B).

Three of the witnesses appear to be testifying as to their personal knowledge of the facts of the case. Mark Pease and Jennifer Taylor are medical professionals who will testify about

their treatment of Lamphear. Kathryn Vivian is Lamphear's personal accountant, and she will identify financial documents that she prepared on Lamphear's behalf. As long as these three witnesses are only providing expert opinions that they formed during their prior involvement with Lamphear and the facts of this case, then they are hybrid witnesses and exempt from Rule 26(a)(2)(B). But Lamphear must still satisfy Rule 26(a)(2)(C). Lamphear's current disclosures only include the subject matter of each witness's testimony. They do not satisfy the second requirement: a summary of the facts and opinions about which the witnesses are expected to testify. Nor do they clarify whether the witnesses will provide expert testimony at all.

For example, as to the testimony of Lamphear's accountant Vivian, Lamphear states that she will authenticate tax returns and balance sheets regarding Lamphear's business. As defendants properly point out, this testimony could be considered fact testimony, but if Vivian were to provide additional analysis or an opinion on the cause for any change in income, that would be expert testimony. Lamphear must disclose to defendants (1) whether Vivian will provide expert testimony and (2) the specific facts and opinions to which she will testify as an expert. Lamphear's description of another witness, Pease, is even vaguer. Lamphear only states that "he will testify as an expert as to the diagnosis and treatment of Mr. Lamphear." Dkt. 17. This says nothing about the facts and opinions that Pease will testify to as an expert, so it does not comply with Rule 26(a)(2)(C).

The court cannot itemize for Lamphear all the disclosures that he must make; only Lamphear knows how his experts will testify. The court will strictly limit expert testimony to the facts and opinions that appear in Lamphear's supplemented disclosure. Lamphear must clearly delineate between fact witnesses, expert witnesses, and hybrid witnesses.

Finally, it is not clear whether the last witness, Colonel Charles Teasdale, is a hybrid witness. Lamphear's disclosure states that Teasdale is a member of the Wisconsin State Patrol who will testify regarding the requirements for tow truck operators under Appendix G of the Emergency Traffic Control and Scene Management Guidelines. Lamphear further states that "Teasdale may also testify to his communications involving the Plaintiff." *Id.* If Teasdale is merely authenticating documents, then that would be fact witness testimony. But if Teasdale is providing an opinion on whether Lamphear's towing business complied with traffic regulations, then that is an expert opinion that must be disclosed.[1] Lamphear will need to determine whether Teasdale's expert opinions were formed during Teasdale's personal involvement with the facts of the case. If so, then Teasdale is a hybrid expert and must disclose a summary of the facts and opinions to which he will testify as an expert. If not, then Teasdale is a retained expert and must disclose a full expert report. Either way, Lamphear's current disclosure is insufficient and must be supplemented.

---

[1] Lamphear's current disclosure states that Teasdale "or another representative of the Department" will testify as an expert. If another witness is indeed providing expert testimony for Lamphear, then Lamphear will need to be more definite about the witness's identity. He must identify the specific individual that is providing expert testimony so that defendants can properly perform discovery.

ORDER

IT IS ORDERED that:

1. Defendants Robert D. Spoden, Kathy Sukus, David J. Moore, James Holford, City of Janesville, and Rock County's motion to strike plaintiff's expert witnesses, Dkt. 18, is GRANTED in part.

2. Plaintiff Michael Lamphear must supplement his expert disclosures by August 2, 2018, to include:

    a. Expert reports for Anthony Smith and Sean Toppel, in compliance with Rule 26(a)(2)(B);

    b. A summary of the facts and opinions to which Kathryn Vivian, Mark Pease, and Jennifer Taylor will testify as experts; and

    c. If Charles Teasdale, or another witness from the Wisconsin State Patrol, is providing expert testimony, an appropriate disclosure of the witness's expert testimony under Rule 26(a)(2). If the witness is testifying to expert opinions that he formed during his involvement with the facts of this case, then the disclosure must include a summary of the facts and opinions to which he will testify as an expert. If the witness is testifying to expert opinions that he formed in response to litigation, then the disclosure must include an expert report in compliance with Rule 26(a)(2)(B).

3. Defendants' deadline to disclose expert witnesses is extended to September 16, 2018.

Entered July 18, 2018.

                        BY THE COURT:

                        /s/

                        _____
                        JAMES D. PETERSON
                        District Judge